IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiffs,<br><br>vs.<br><br>WILLIAM E. SALISBURY,<br><br>     Defendants. | 4:14CR3085<br><br>MEMORANDUM AND ORDER |

    The government has filed a motion to continue the trial currently set for July 20, 2015. In support of the motion, the government states that as to two co-defendants, their pleas of guilt before the undersigned magistrate judge remain under consideration by the presiding district judge, and one co-defendant is scheduled to enter a plea of guilty on August 11, 2015. The government explains that if the case against Salisbury is tried on July 20, 2015, should any of these co-defendants' pleas not be accepted, this case would have to be tried at least twice.

    Defendant Salisbury objects to a trial continuance, stating he is ready to go to trial, continuing the trial will violate his rights under the Speedy Trial Act, and "Defendant will be prejudiced by a continuance." (Filing No. 142). Salisbury has provided no evidence or explanation of how he will be prejudiced if the case is continued.

    As the court previously stated, "[t]he defendants are charged with engaging in a drug conspiracy. No defendant . . . has requested a trial severance. The defendants will therefore be tried together." (Filing No. 113). The time between the request or motion to set a change of plea hearing and the acceptance or rejection of that anticipated plea is excluded in calculating time under the Speedy Trial Act. United States v. Mallett, 751 F.3d 907, 911 (8th Cir. 2014). And "exclusions of time attributable to one defendant apply to all codefendants." Mallett, 751 F.3d at 911. The tendered pleas of defendants

Schutte and Wolfe have not yet been accepted, and defendant Goff has now moved to enter a plea, with the plea hearing scheduled for August 11, 2015. As such, the time between now and the acceptance of each of these pleas is excluded under the Speedy Trial Act—not only as to Defendants Goff, Wolfe, and Schutte, but also as to Defendant Salisbury. Continuing the trial currently set for July 20, 2015, until all co-defendants' change of plea proceedings are completed will not violate Defendant Salisbury's rights under the Speedy Trial Act. And as to his Sixth Amendment right to a speedy trial, Salisbury has not explained how a continuance will violate his rights. "A showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause, and that necessary ingredient is entirely missing here." Mallett, 751 F.3d 907, 914 (8th Cir. 2014).

Accordingly,

IT IS ORDERED:

1) The defendant's objection to the government's motion to continue, (Filing No. 142), is overruled.

2) The government's motion to continue, (Filing No. 141), is granted.

3) **As to all defendants**, the trial of this case is set to commence before the Honorable John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on September 8, 2015, or as soon thereafter as the case may be called, for a duration of four (4) trial days. Jury selection will be held at commencement of trial.

4) Based upon the showing set forth in the government's motion, the Court further finds that the ends of justice will be served by continuing the trial; and that the purposes served by continuing the trial date in this case outweigh the interest of the defendant and the public in a speedy trial. Accordingly, **as to all defendants**, the additional time arising as a result of the granting of the motion, the time between today's date and September 8, 2015, shall be deemed excludable time in any computation of time under

the requirements of the Speedy Trial Act, because despite counsel's due diligence, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1), (h)(6) & (h)(7).

July 13, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.